**LI YOUNG LIN, a.k.a. Hok Pan Wong, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, et al.,[1] Respondents.**

No. 08–3594–ag.

United States Court of Appeals, Second Circuit.

April 28, 2009.

Li Young Lin, pro se.

Michael F. Hertz, Acting Assistant Attorney General; James E. Grimes, Senior Litigation Counsel; Daniel Glenn Lonergan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Li Young Lin, a native and citizen of the People's Republic of China, seeks review of a June 23, 2008 order of the BIA affirming the November 8, 2006 decision of Immigration Judge ("IJ") George T. Chew, which denied Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Young Lin,* No. A96 395 280 (B.I.A. June 23, 2008), *aff'g* No. A96 395 280 (Immig. Ct. N.Y. City Nov. 8, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as a respondent in this case.

Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

As an initial matter, because Petitioner failed to challenge before the BIA or before this Court the IJ's denial of his CAT claim, we deem any such argument abandoned. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n. 6 (2d Cir.2007).

The agency did not err in finding that Petitioner failed to show a well-founded fear of future persecution. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004) (to establish asylum eligibility based on future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable). Petitioner argues that the IJ's conclusion that he would not practice Catholicism in China is speculative. However, substantial evidence supports that finding where nothing in Petitioner's asylum application or testimony indicated that he planned on practicing Catholicism in China. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"). Petitioner also argues that the agency failed to consider the record in concluding that he did not have a well-founded fear of persecution in China; however, nothing in the record would indicate that the BIA ignored any of the evidence presented. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir.2006) (this Court presumes that the agency has taken into account all of the evidence before it, unless the record compellingly suggests otherwise). In fact, the BIA explicitly

considered documents in the record in finding that Petitioner had not made out his claim of a well-founded fear. Moreover, although the documents indicate that the Chinese Government suppresses activities of the Roman Catholic Church in China, nothing therein indicates that Petitioner would be singled out for persecution if he returned to China. *See* 8 C.F.R. § 1208.13(b)(2)(iii) (noting that, in establishing a well-founded fear of persecution, an applicant need not "provide evidence that there is a reasonable possibility he or she would be singled out individually for persecution if ... [t]he applicant establishes that there is a pattern or practice in his or her country of nationality ... of persecution of a group of persons similarly situated to the applicant"); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir.2008) ("[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities.").

Accordingly, the agency did not err in finding that Petitioner failed to establish a well-founded fear of persecution. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 563, 568 (2d Cir.2006). Because Petitioner failed to meet his burden of proof with respect to his asylum claim, he necessarily failed to meet his burden with respect to his claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending re-

quest for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).